UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN M. SCHNEPF ) | |
| ) | |
| Plaintiff ) | CAUSE No.: 1:10-cv-00316-TAB-JMS |
| ) | |
| ) | |
| BROTHERS AUTO SALVAGE ) | |
| YARD, INC, d/b/a ) | |
| BROTHERS AUTO PARTS, ) | |
| ) | |
| Defendant ) | |

**BENCH BRIEF OF DEFENDANT BROTHERS AUTO SALVAGE YARD, INC**

Defendant Brothers Auto Salvage, Inc., by counsel, herein submits its Bench Brief.

**INTRODUCTION AND PARTIES**

Plaintiff, Brian M. Schnepf, was a salaried employee of Defendant from October 2007 until February 2010 in the capacity of an inside salesman. His normal workday was from 8:00AM until 5:00PM, Monday through Friday and some Saturdays from 9:00AM until 1:00PM. Plaintiff's salary started at $350.00 a week in 2007 and had risen to $750.00 a week at his termination. His duties were performed in the main office of Brothers Auto Salvage Yard, Inc. on a computer terminal and face-to-face at a designated workstation.

Defendant, Brothers Auto Salvage Yard, Inc, is a certified automotive recycling facility located on the southeast side of Indianapolis and has been engaged in that enterprise for over 25 years at that location. It operation consists of dismantling automobiles purchased in varying condition from commercial automotive sales yards and insurance companies and selling the recovered various parts, including body parts, to a market consisting of automotive repair facilities, body shops, other recycling facilities, and individuals.

## PLAINTIFF'S FLSA CLAIM

At all times relevant, Plaintiff was an administrative employee as envisioned under *29 U.S.C.S. §213(b)* and as such Defendant was not subject to the provision under the act requiring payment for time worked in excess of forty hours per week.  Plaintiff performed administrative functions, was paid a flat salary regardless of hours worked or level of business, and was provided a lunch time meal each working day brought in from outside restaurants at the Defendant/employer's expense. Defendant maintains timecards for all of its employees.

## PLAINTIFF'S ERISA CLAIM

Defendant through exhibits and testimony will demonstrate that Plaintiff was afforded an opportunity to participate in the employer sponsored health insurance plan as soon as he qualified.  Moreover, that his rejection of the plans which were available during his employment was predicated on their cost to insure a wife and five (5) children.  In addition, the child for whom he is seeking to recover various medical costs is not his biological or adopted child, but rather his wife's daughter from a prior relationship for which the child 's father had responsibility to provide.

Finally, Defendant will show that the medical bills for which Plaintiff is seeking reimbursement were paid under provisions of medi-care (Hoosier Healthwise) and the Plaintiff suffered no economic loss.  On the contrary, by not paying heath insurance premiums for the tenure of this employment he profited in excess of any medical expense he is claiming.

Defendant did not and could not profit by not offering available medical insurance to Plaintiff.  There was no incentive for Defendant to deny Plaintiff an opportunity to participate in the Defendant/Employer's health insurance plan.

Defendant is seeking denial of all claims asserted in Plaintiff's complaint as frivolous,

unreasonable and groundless and for an award of costs as provided for prevailing party.

>Respectfully submitted,
>
>/s/James R. Recker
>James R. Recker
>22233-49
>Attorney for Defendant Brothers Auto Salvage Yard, Inc.

### Certificate of Service

I hereby certify that a true and exact copy of the foregoing Bench Brief was served upon counsel for Plaintiff by way of the Court's electronic case filing system this 3rd day of November, 2011.

ajones@gibbonsjones.com

>/s/James R. Recker
>James R. Recker