UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN M. SCHNEPF, | ) |
| | ) |
| Plaintiff | ) CAUSE No.:  1:10-cv-00316-TAB-JMS |
| | ) |
| | ) |
| BROTHERS AUTO SALVAGE YARD, INC, d/b/a BROTHERS AUTO PARTS, | ) |
| | ) |
| Defendant | ) |

## DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Brothers Auto Salvage Yard, Inc., by counsel, hereby presents the following findings of fact and conclusions of law pursuant to the evidence presented during the trial conducted in the matter

## FINDINGS OF FACT

1.	Any finding of fact which more properly should be considered a conclusion of law shall be considered a conclusion of law;

2.	Plaintiff was employed by Defendant as an inside salesman from October 2007 through February 2010;

3.	Defendant is engaged in recycling automotive parts; the purchase and sale of automotive parts to other salvage yards, commercial users, and individuals;

4.	Defendant conducted operations which constitute an enterprise which falls under provisions of the Fair Labor Standards Act;

5.	Plaintiff's performed non-manual duties for Defendant which included selling, purchasing and negotiation of prices, both for parts purchased and sold;

1

6.	At all times, Plaintiff was as salaried employee who was paid a flat weekly amount regardless of hours worked or hours missed and was never docked for any time missed or for any other reason during the period of his employment;

7.	Plaintiff's starting salary was $450.00 and rose to $750.00 a week in $100.00 increments during his employment [Trans. P. 105];

8.	Plaintiff's normal workweek was from 8:00 a.m. to 5:00 p.m. Monday through Friday and initially every other Saturday from 9:00a.m. to 1:00 p.m. [Trans. P. 18];

9.	Plaintiff's work schedule changed at an unspecified time generally agreed to be approximately halfway through his tenure to every third Saturday from 9:00 a.m. to 1:00 p.m. with the Monday through Friday schedule remaining unchanged;

10.	In lieu of taking a lunch break, employees, including Plaintiff, were given the option of taking a lunch break or remaining at the site of employment and having lunch purchased for them and delivered to them by Defendant;

11.	Plaintiff regularly exercised the latter option testifying that he only left the work site on two or three occasions for lunch for approximately 60 minutes [Trans. P. 19];

12.	Defendant's workplace is a secured location which requires a key and an alarm pass code to access;

13.	Plaintiff did not have either a key or alarm code to enter without a select employee who had possession of a key and alarm code being present and employees who possessed the key and alarm code testified that the earliest Plaintiff was ever present at the Defendant's work site was 7:45 a.m.;

14.	The telephone system employed by the Defendant was not activated until 8:00 a.m. each morning;

15. Plaintiff's lack of a key and alarm code also made it impossible for him to remain after the facility closed at 5:00p.m.;

16. Defendant is an "employer" for purposes of 29 U.S.C. §1002(5);

17. Plaintiff was a "participant" in Defendant's "employee welfare benefit plan" as defined pursuant to 29 U.S.C. §1002(7) and (1);

18. At time of hire, Plaintiff was informed of the availability of a health insurance plan and a 401(k) plan through Defendant;

19. Defendant paid 75% of the cost of the employee's health insurance premium if they selected the policy;

20. Although Defendant did not formally offer health insurance to the Plaintiff when his eligibility occurred, the availability of the health insurance plan was common knowledge to the employees of Defendant; notice of the enrollment dates were posted on the employer's bulletin board where other required notices were posted and Plaintiff testified that he was provided an enrollment form;

21. Defendant tracked the eligibility dates for purposes of health insurance for each employee;

22. Plaintiff did not participate in either the health insurance program or the 401(k) program offered by Defendant;

23. Plaintiff obtained health insurance thorough his wife's employment in 2009;

24. The family member for which Plaintiff is seeking medical bill reimbursement is neither his biological nor adopted child and he has no legal responsibility to provide for her;

25. That the child in question, who was hospitalized, is the issue of a former relationship of Plaintiff's wife for which a support order requires the biological father to provide health insurance;

26. That none of the medical bills submitted by Plaintiff in his exhibits are addressed to him as responsible party;

27. That all of the medical bills for which Plaintiff seeks compensation were incurred by his wife on behalf of her child and he has no obligation in this regard;

28. The family of Plaintiff consists of Plaintiff, his wife and five children;

29. The cost of the health plan offered by Defendant would have cost the Plaintiff an additional $12,000.00 a year to insure a family of that size after allowing for Defendant's contribution;

## **CONCLUSIONS OF LAW**

1. Any conclusion of law which more appropriately is a finding of fact shall be considered a finding of fact;

2. The Fair Labor Standards Act exempts employers from the requirement to pay employees time-and-a half for work performed in excess of 40 hours a week where the individual is employed in a bona fide executive, administrative, professional capacity. 29 U.S.C. §2136(a)(1);

3. An employee is considered an administrative employee if:  1) He is compensated at a rate of not less than $455.00 a week [1]; 2) His primary work duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;

---

[1] For all but the first week of employment, Plaintiff was compensated in excess of $455.00 a week

4

4.That based upon the testimony of Plaintiff and the employees of Defendant, Plaintiff had broad latitude in negotiating sales and purchasing of material for the general business operations of the Defendant and was engaged in non-manual work directly related to that and was afforded compensation commensurate with an administrative position reflected in his salary increases from $450.00 to $750.00 a week over the period of his employment and was therefore, an administrative employee;

5.That Defendant, Brothers, did not act with the required specific intent to deprive Plaintiff of benefits under the Employee Retirement Income Security Act of 1974 (ERISA), rather the cost of the health insurance program was prohibitively expensive to Plaintiff and he voluntarily rejected it and obtained insurance on himself through his wife's employer;

6.Defendant is entitled to recover costs in defense of this action.


Respectfully submitted,


/s/James R. Recker
James R. Recker
22233-49

Attorney for Defendant Brothers Auto Salvage Yard, Inc.