UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN M. SCHNEPF, | ) |
| | ) |
| Plaintiff | ) CAUSE No.:  1:10-cv-00316-TAB-JMS |
| | ) |
| | ) |
| BROTHERS AUTO SALVAGE | ) |
| YARD, INC, d/b/a | ) |
| BROTHERS AUTO PARTS, | ) |
| | ) |
| Defendant | ) |

## MEMORANDUM OF LAW IN SUPORT OF MOTION TO ALTER OR AMEND JUDGMENT

The Court should alter or amend its judgment entered in the above cause to prevent a manifest injustice.

The federal courts have generally recognized three grounds of amending an earlier judgment: (1) to accommodate an intervening change in the law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or *prevent a manifest injustice*. (emphasis added).  Twomey v. FBI, No. 2:99-CV-113, 2001 Lexis 2368 at *8 (W.D. MI, March 2, 2001); citing to, *Hutchinson v. Staton*, 994 F.2d 1076, 1081(4th Cir. 1993).

A manifest injustice refers to injustice that is apparent to the point of being almost indisputable.  *Shirlington Limousine & Transportation, Inc. v. United States*, 78 Fed. CI.27, 30 (U.S. Claims 2007).

In this case, the award by the Court for unpaid overtime due to Plaintiff was computed to be $25,075.37 on estimated overtime hours claimed by Plaintiff during trial. (Finding of Fact and Conclusion of Law Following Bench Trial, 02/12/2012, p. 12-13). However, a review of the

1

actual timecards submitted by Plaintiff demonstrates that Plaintiff was improperly awarded overtime pay for hours he did not work.

Plaintiff's time cards submitted by him show that the total of overtime hours worked for his entire employment was 624.75 hours.  Plaintiff's rate of pay varied from $450.00 to $750.00 a week during the term of his employment.  Application of the overtime rate equal to one and one-half times the hourly rate computed upon the weekly base divided by forty hours times the number of submitted overtime hours yields a total of unpaid overtime of $14,116.38 without any offset for weeks when Plaintiff did not work forty hours. .

In addition to the award of unpaid overtime in the amount of $25, 075.37, the Court awarded liquidated damages in an amount equal to the award of $25, 075.37 for a total of $50,150.74, exclusive of attorney fees and costs. An appropriate award for unpaid overtime would be $14,116.38 predicated upon his actual submitted timecards. Assuming the Court finds an award of liquidated damages of a like amount this would yield a total of $28,232.76.

The Court's current award is disproportionate to any actual loss, would cause Defendant to suffer a manifest injustice and the Court should alter or amend its judgment to reflect Plaintiff's actual overtime hours worked.

Respectfully submitted,

/s/James R. Recker
James R. Recker
22233-49

## Certificate of Service

I hereby certify that a true and exact copy of the foregoing was served upon the attorneys of record for Plaintiff via the court's electronic filing system this 23rd day of April, 2012.

/s/James R. Recker
James R. Recker

Philip J, Gibbons, Jr.
pgibbons@gibbonsjones.com

Andrew G. Jones
ajones@gibbonsjones.com