UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN M. SCHNEPF, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 1:10-cv-316-TAB-JMS |
| ) | |
| BROTHERS AUTO SALVAGE YARD, INC. ) | |
| d/b/a BROTHERS AUTO PARTS, ) | |
|     Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT**

Plaintiff brought a Fair Labor Standards Act claim against Defendant, and the Court entered final judgment in Plaintiff's favor for $79,380.23. [Docket No. 50.] Pursuant to Federal Rule of Civil Procedure 59(e), Defendant now seeks to alter or amend the final judgment on the basis that the Court calculated Plaintiff's hours and overtime pay inconsistently with time cards reflecting Plaintiff's hours. For the reasons below, Defendant's motion to alter or amend the judgment [Docket No. 51] is denied.

"Rule 59(e) permits a court to alter or amend a previous judgment," but relief under Rule 59(e) is an "extraordinary remedy" and is "reserved for the exceptional case." *Hutcherson v. Krispy Kreme Doughnut Corp.*, 803 F. Supp. 2d 952, 956 (S.D. Ind. 2011). A Rule 59(e) motion "may be used to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *U.S. v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). In other words, a judgment should only be altered or amended where the Court: "(1) patently misunderstood a party, or (2) made a decision outside the adversarial issues presented; or (3) made an error not of reasoning but of apprehension." *Hutcherson*, 803 F. Supp. 2d at 956.

Defendant's motion does not present any of these limited circumstances. Defendant does not claim that the time cards are newly discovered evidence or that the Court made an error of apprehension when calculating Plaintiff's hours. Rather, Defendant merely asks the Court to reconsider its decision to exclude the time cards. As outlined in the transcript, Defendant attempted to introduce these time cards at trial, but Plaintiff objected and the Court sustained the objection because Defendant claimed in its answer that no time cards existed, never disclosed in its exhibit list the existence of the time cards, and did not produce the time cards until the morning of trial. [Docket No. 40 at 106–07.] Such an exclusion is a typical consequence for failing to disclose and produce evidence in a timely manner consistent with the federal rules. *See* Fed. R. Civil Pro. 37(c)(1). Rule 59(e) motions simply are not meant to "provide a vehicle for a party to undo its own procedural failures, and certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). Accordingly, Defendant's motion to alter or amend the judgment [Docket No. 51] is denied.

Dated:  05/24/2012

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Philip J. Gibbons Jr.
GIBBONS JONES, P.C.
pgibbons@gibbonsjones.com

Andrew G. Jones
GIBBONS JONES P.C.
ajones@gibbonsjones.com

James Richard Recker
ATTORNEY AT LAW
jamesrecker@justice.com